1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

5

6

7

8

9

10

11

| | |
|---|---|
| In re AFRODITI LEDSTROM,<br><br>        Debtor,<br><br>YVETTE WEINSTEIN, Chapter 11 Trustee, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>1531 LVBS, LLC, a Nevada limited liability company, LV CABARET SOUTH, LLC, a Nevada limited liability company, et al.,<br><br>        Defendants. | Case No.: 2:14-cv-1176-JAD<br><br><br>Bankr. No. 12-11672-MKN<br>Bankr. Adv. No. 14-01082-MKN<br><br><br>**Order Denying Defendants' Motion for Withdrawal of the Reference to the Bankruptcy Court (#1)** |

12

13

14

15

16

17

18

19

20

        Currently before the Court is Defendant 1531 LVBS, LLC's motion for withdrawal of the reference for adversary proceeding Case No. 14-01082-MKN to the Bankruptcy Court.[1]  The motion is virtually identical to those previously denied in Case Nos. 14-cv-569 and 14-cv-900.[2]  1531 LVBS argues that I must withdraw the reference to the bankruptcy court because its action is not a core proceeding under 28 U.S.C. § 157(b) and also because 1531 LVBS has requested a jury trial and has not consented to the jurisdiction of the bankruptcy court.  I decline to withdraw the reference because the bankruptcy court is far more familiar with this long-pending matter and has yet to determine whether 1531 LVBS's adversary proceeding is a core or non-core matter.

**Discussion**

21

22

23

24

25

        Article III courts have "original but not exclusive jurisdiction of all civil proceedings arising under tittle 11, or arising in or related to cases under title 11."[3]  28 U.S.C. § 157(a) permits district courts to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11."  Under this district's local rule 1001(1), section 157(a)

26

27

28

---

[1] Doc. 1.  Yvette Weinstein, in her capacity as the Chapter 11 trustee, filed her response on July 18, 2014; respondents Aristotle Holding LP and Pete the Greek, LLC joined the response. Docs. 3, 4.  531 LVBS replied on July 28, 2014.  Doc. 5.

[2] I incorporate the factual background developed in these matters by reference.

[3] 28 U.S.C. § 1334(b).

1  matters are referred to the bankruptcy court automatically.

2       Upon referral, the bankruptcy court's jurisdiction differs depending on whether the

3  proceeding is properly characterized as core or non-core.  For core proceedings—whose existence

4  depends on the bankruptcy laws, and which are defined in section 157(b)(2)—the bankruptcy court

5  may issue final orders, subject to the district court's appellate review.[4]  By contrast, for non-core

6  proceedings—those whose existence does not depend on the bankruptcy laws and which could

7  proceed in another court—the bankruptcy court may issue findings of fact and law, subject to an

8  Article III court's *de novo* review.[5]  Thus, even when a bankruptcy court determines that claims are

9  non-core, it may issue proposed findings of fact upon which the district court can base its final

10  judgment.[6]

11  **A.      Permissive Withdrawal of the Reference Remains Premature.**

12       1531 LVBS argues that the reference must be withdrawn because its adversary proceeding

13  currently pending the bankruptcy court is not one over which the bankruptcy court has jurisdiction.[7]

14  Section 157(d) provides that I may withdraw "any case or proceeding referred under this section, on

15  its own motion or on timely motion of any party, for cause shown."[8]  I ascertain "cause" by

16  considering "the efficient use of judicial resources, delay and costs to the parties, uniformity of

17  bankruptcy administration, the prevention of forum shopping, and other related factors."[9]

18       A fair consideration of the permissive withdrawal factors counsels against withdrawal of the

19

20       [4] 28 U.S.C. § 157(b).

21       [5] 28 U.S.C. § 157(c)(1) (granting the bankruptcy court power to hear "a proceeding that is
22  not a core proceeding but that is otherwise related to a case under title 11."); *see In re Castlerock Properties*, 781 F.2d 159, 162 (9th Cir. 1986).

23       [6] *See Stern v. Marshall*, 131 S. Ct. 2594, 2620 (2011).

24       [7] Doc. 1 at 5.

25       [8] Section 157(d) also mandates withdrawal where "on timely motion of a party . . . the court
26  determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  This second
27  mechanism for withdrawal is not at issue here.

28       [9] *Security Farms v. Intern. Brotherhood of Teamsters, Chauffers, Warehouseman & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).

1  reference at this time.  1531 LVBS's motion for withdrawal is virtually identical to its motions in

2  two other cases—14-cv-569 and 14-cv-900, both of which I denied as unripe because the

3  Bankruptcy Court had not yet determined whether the adversary proceeding is a core proceeding

4  under 28 U.S.C. § 157(b).[10]  1531 LVBS does not indicate that the Bankruptcy Court has yet

5  determined this case involves non-core issues.  This matter and the related bankruptcy case at Bankr.

6  No. 12-11672-MKN are complex, multi-party matters that have been pending long enough to permit

7  Judge Nakugawa to gain substantial familiarity with the issues.  Permitting the bankruptcy court

8  presently to retain this matter will conserve judicial resources and minimize costs to the parties.

9

10  **B.      LVBS's Request for a Jury Trial and Decision not to Consent to the Bankruptcy Court's Jurisdiction Do not Presently Warrant Withdrawal Under 28 U.S.C. § 157(d).**

11        1531 LVBS also argues that it has demanded a jury trial and not consented to the Bankruptcy

12  Court's jurisdiction, which is required for that court to conduct a jury trial.[11]  The Seventh

13  Amendment preserves a right to jury trial in suits at common law[12] and is "preserved to the parties

14  inviolate."[13]  To determine whether a jury trial is necessary, a court must consider whether the cause

15  of action "was tried at law at the time of the founding or is at least analogous to one that was"[14] and

16  if so, evaluate "whether the particular trial decision must fall to the jury in order to preserve the

17  substance of the common-law right as it existed in 1791."[15]

18        Under 28 U.S.C. § 157(e), "If the right to a jury trial applies in a proceeding that may be

19  heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if

20  specially designated to exercise such jurisdiction by the district court and with the express consent

21  of all the parties."  But even where, as here, the criteria for the bankruptcy court's exercise of

22

23        [10] *See* No. 14-cv-00569, Doc. 4; 14-cv-900, Doc. 7.

24        [11] Doc. 1 at 6.

25        [12] *Osborn v. Haley*, 549 U.S. 225, 252 (2007).

26        [13] Fed. R. Civ. Proc. 38(a).

27        [14] *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376 (1996).

28        [15] *Id.*

3

1  jurisdiction would not satisfy Section 157(e), the bankruptcy court need not immediately relinquish

2  jurisdiction; "[i]nstead, the bankruptcy court is permitted to retain jurisdiction over the action for

3  pre-trial matters."[16]  Additionally, "even if a bankruptcy court were to rule on a dispositive motion, it

4  would not affect a party's Seventh Amendment *right* to a jury trial, as these motions merely address

5  whether trial is necessary at all."[17]

6       I note again that the bankruptcy court has not determined whether the proceeding is core or

7  non-core—let alone whether 1531 LVBS may have stated claims over which it has the right to a jury

8  trial.  For these reasons, as well as the reasons articulated above, I conclude that the matter is best

9  left in the hands of the bankruptcy court at this time, and that the bankruptcy court should continue

10 to adjudicate all matters preceding an actual jury trial before it relinquishes jurisdiction to this court.

11                                    **Conclusion**

12      Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Withdrawal of the

13 Reference **(Doc. 1) is DENIED** without prejudice.

14      Dated on this 22nd day of April 2015.

15

16      _____
        Jennifer A. Dorsey

17      United States District Judge

18

19

20

21

22

23

24

25

26

27
        ──────────────────
        [16] *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007).

28
        [17] *Id.* (emphasis in original).

4